UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

VAUGHN JERMAINE CURRIE,

    Petitioner,

vs.

RICK HILL, Warden,

    Respondent.

No. C 11-6315 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action filed pro se by a California prisoner currently incarcerated at the California State Prison-Folsom.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

In 1997 petitioner was sentenced to twenty-five years to life in prison on a conviction for first degree murder. This petition is directed to a denial of parole on December 9, 2010. He claims to have exhausted these claims by way of state habeas petitions.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody

pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that: (1) The evidence was insufficient to support the parole board's ten-year denial; (2) the parole board violated petitioner's due process rights by applying the wrong standard of proof and the "clear and convincing" standard of proof is unconstitutionally vague; (3) his due process rights were violated by the parole board's determination that the next hearing would not be for ten years, because there is no regulation allowing that long a deferral; (4) the parole board's application of "Marsy's law" was ex post facto; and (5) his counsel was ineffective.

*Claim One.*

The United States Supreme Court has recently held that "[i]n the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). That is, there is no due process requirement that a parole denial be supported by "some evidence." Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

*Claim Two.*

Petitioner contends that the parole board did not apply the correct state law standard of proof, clear and convincing evidence, and that the clear and convincing standard is unconstitutionally vague. The contention that the board did not apply the clear and convincing standard is a state law claim and thus cannot be the basis for federal habeas

2

relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). And *Swarthout* establishes that due process requires only an opportunity to be heard and a statement of reasons for denial; thus habeas relief cannot be granted on a claim that the standard of proof used was vague.

Petitioner cannot obtain habeas relief on this claim, and it is dismissed.

*Claim Three.*

Petitioner contends that his due process rights were violated by the parole board's determination that the next hearing would not be for ten years, because there is no regulation implementing the statute allowing that long a deferral. This is purely a state-law claim, and thus cannot be the basis for federal habeas relief.

*Claim Four.*

Petitioner's claim that the application of Marsy's Law violated the Ex Post Facto Clause does not state a claim for relief. Marsy's Law increased the minimum deferral period between parole hearings from one to three years, and the maximum deferral period from five to fifteen years. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1104 (9th Cir. 2011). Advance hearings can be held by the Board sua sponte, or at the request of a prisoner, though the inmate is limited to one such request every three years. *Id.* at 1105. The Ninth Circuit reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause. *Id. Gilman*'s holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state courts' rejections of petitioner's Marsy's Law claim could not have been unreasonable. Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

*Claim Five.*

Petitioner contends that his counsel was ineffective.

"[D]ue process does not entitle California state prisoners to counsel at [Department of Corrections hearings] called to determine, administratively, the length of imprisonment, and to grant or deny parole." *Dorado v. Kerr*, 454 F.2d 892, 897 (9th Cir.1972); *see also*

*Burns v. Curry*, No. C 08–0163 PJH (PR), 2011 WL 740908 at *4 (N.D. Cal. Feb. 24, 2011) ("[T]he Sixth Amendment right to counsel does not extend to inmates in parole eligibility hearings ...."). "Without a right to the appointment of counsel, there can be no right to the effective assistance of counsel." *Martinez v. Schriro*, 623 F.3d 731, 743 (9th Cir. 2010), *reversed on other grounds*, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

## CONCLUSION

Leave to proceed in forma pauperis (docket # 2) is **GRANTED**.

For the reasons discussed above, petitioner cannot obtain relief on any of his claims. The petition therefore is **DISMISSED**.  Furthermore, because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  October 25, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.11\Currie6315.dismiss.wpd

4